**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MIRRORTON APARTMENTS, LLC,

Plaintiff,

v. Case No. 8:26-cv-1930-KKM-AEP

TIONNA SHERYCE BENNETT PERRY,

Defendant.

---

# ORDER

Mirrorton Apartments, LLC, filed an action in the County Court for the Tenth Judicial Circuit, in and for Polk County, Florida, to evict Tionna Sheryce Bennett Perry. *See* Compl. (Doc. 1-1). Bennett Perry purported to remove the action to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, claiming that Mirrorton violated the Fair Debt Collection Practices Act and the Consolidated Appropriations Act of 2023. *See* Notice of Removal (Doc. 1) ¶ 5. I ordered Bennett Perry to show cause why the action should not be remanded for lack of jurisdiction. *See* (Doc. 4). Bennett Perry did not timely respond, and I now remand the case for lack of jurisdiction.

Whether federal question jurisdiction exists "is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only

when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1090 (11th Cir. 2002) (citation modified). Mirrorton's complaint brings a single count for tenant eviction under Florida state law, *see* Compl., which does not present a federal question, *see Diversified Props. LLC v. Castleberry*, No. 8:17-CV-805-T-36TGW, 2017 WL 2859645, at *6 (M.D. Fla. July 5, 2017) (concluding that "a straightforward action to evict [the defendant] for the failure to pay rent" was "governed by state law" and did not present a federal question). Although Bennett Perry alleges that her eviction violates federal law, the assertion of federal defenses does not provide a basis for federal question jurisdiction. *See Ervast v. Flexible Products Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003); *Cara FL Props., LLC v. Richards*, No. 8:12-cv-12-T-33AEP, 2012 WL 45424, at *2 (M.D. Fla. Jan. 9, 2012) (remanding eviction action even though the defendant raised defenses under the Fair Housing Act). I therefore lack subject matter jurisdiction over this action.

Accordingly, the following is **ORDERED:**

1. The Clerk is directed to **REMAND** this action to the County Court for the Tenth Judicial Circuit, in and for Polk County, Florida, and to transmit a certified copy of this order to the clerk of that court.

2. The Clerk is further directed to **TERMINATE** any pending deadlines and motions, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on July 30, 2026.

Kathryn Kimball Mizelle
United States District Judge